REID, Judge.
This matter is before this Court on an appeal taken by the plaintiffs from a judg *675 ment of the Trial Court awarding and fixing attorney’s fees to the attorney ad hoc appointed to represent Stanley A. Marczak Jr., an unemancipated minor, defendant in the original suit.
The original suit was a suit for damages brought by Lee Doty King and his wife Gloria Mae King for the death of their minor child as a result of an automobile accident on the night of September 15, 1962 when he was run over and killed by a 1951 Studebaker sedan owned by Lemuel Brooks Marshall Sr. of Cheneyville, Louisiana and operated by said Stanley A. Marczak Jr., an L. S. U. student.
Suit was brought against Stanley A. Marczak Jr. the driver of the car, United States Fire Insurance Company, the liability insurer of Lemuel Brooks Marshall Sr., the owner of the car, Springfield Insurance Company, the liability insurer of young Marczak’s mother, Mrs. Edleen Marczak and The Insurance Company of the State of Pennsylvania, the liability insurer of B. R. Gunn, young Marczak’s grandfather.
Plaintiff contended in that suit that Marczak was driving Marshall’s Studebaker with the implied permission of the owner, the said car having been placed by Marshall under the control and use of his son, Lemuel Brooks Marshall Jr., also an L. S. U. student, who had loaned the car to Marczak the night of the accident. Plaintiffs contend that the insurance policy afforded coverage to Marczak for the accident under the omnibus insured clause.
The three insured all filed answers which contained a general denial and further plead contributory negligence on the part of plaintiffs and a denial of coverage.
The plaintiffs obtained an order appointing Anthony J. Clesi Jr. an attorney at law to represent and defend Stanley A. Mar-czak Jr. the unemancipated minor defendant. The matter was tried before a full Jury for six days and at the termination a unanimous verdict was rendered in favor of all defendants. Judgment was duly signed and the matter was appealed to this Court which affirmed the decision of the Lower Court. (169 So.2d 634). Plaintiffs applied to the Louisiana Supreme Court for Writs which were refused. Anthony J. Clesi Jr. the attorney appointed by the Court at the request of the plaintiffs to defend young Marczak then filed a rule asking for a reasonable attorney’s fee to be awarded to him and the said fee to be taxed as costs. Plaintiffs herein and defendants in rule filed an answer and im-pleaded United States Fire Insurance Company and the other two insurers as said party defendants, praying that if any fee were awarded and taxed as costs that they have judgment over in a similar amount against these insurers.
The case was duly tried and the Lower Court awarded Mr. Clesi a fee of $2500.00, taxed the same as costs, and dismissed the third party petition of the defendants in rule. From this ruling and denial of the District Judge to grant a new trial, the plaintiffs and defendants in rule have perfected this appeal. They ask this Court to set aside the judgment of the Trial Court fixing the fee of the Court appointed attorney or alternatively a judgment over and against the defendants insurers.
Plaintiffs appellants in their Brief make the following assignment of error to-wit:
“ASSIGNMENT OF ERRORS
I. The Trial Court erred as a matter of law in ruling the defenses raised in plaintiffs-appellants answer to the rule to fix Attorney’s fees were res judicata.
II. The Trial Court erred as a matter of law in holding that the fee of the Court appointed attorney was a proper element of Court costs in the instant case.
III. The Trial Court erred as a matter of law in refusing to hold that plaintiffs-appellants were subrogated to Marczak’s rights against the defendant insurance companies.
*676 IV. The Trial Court erred as a matter of law and abused his discretion by fixing the fee of the Court appointed attorney at the grossly excessive figure of $2,500.00.”
Anthony J. Clesi Jr., the attorney appointed by the Court at plaintiffs’ instance to represent the said unemancipated minor Stanley A. Marczak Jr. acted throughout the case in accordance with his appointment by the Court.
The appointment of Mr. Clesi was made under the provisions of the Louisiana Code of Civil Procedure as follows:
Louisiana Code of Civil Procedure, Article 732:
“An unemancipated minor has no procedural capacity to be sued.
“ * * * If such a minor has no tutor, the action may be brought against the minor, but the court shall appoint an attorney at law to represent him.”
Louisiana Code of Civil Procedure, Article 5091:
“When the court has jurisdiction over the person or property of the defendant, or over the status involved, on the petition or ex parte written motion of plaintiff, it shall appoint an attorney at law to represent the defendant if he is:
'<(!) * * *
“(2) An unemancipated minor * * * who has no legal representative, and who may be sued through an attorney at law appointed by the court to represent him.”
Louisiana Code of Civil Procedure, Article 5095:
“The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.
“Except in an executory proceedings, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.” (Emphasis supplied).
Louisiana Code of Civil Procedure, Article 5096:
“The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.”
The question of whether young Marczak was an omnibus insured was not passed upon by this Court in its decision on the merits. Young Marczak did not employ any attorney and was represented throughout the trial by the attorney ad hoc Mr. Clesi.
The appellants contend that Mr. Marczak was entitled to representation and the defense of the suit by the insurance company. They further claim that the insurance companies failed to render such service and if they are forced to pay the cost of the attorney ad hoc appointed that they should be subrogated to the claim of young Marczak against the insurance companies for the fee.
Young Marczak made no demand upon the insurance company for a defense. He is an unemancipated minor and could not have entered into a contract with them for his defense.
Appellant has cited no authorities which legally subrogate them to the claim of Marczak for these services and payment of the attorney’s fees because they failed and refused to repreesnt him. The said insurance companies all denied coverage.
*677 We feel that the only person who could have demanded representation by the insurance companies was young Marczak. His attorney ad hoc could have demanded it for him or tutor, or tutrix, or tutor ad hoc if one had been appointed could have made such request. As pointed out prior no request was ever made, and the issue of the alleged accident and resulting liability were passed upon on the merits and this Court affirmed that verdict holding that the cause of the accident was the negligence of the child who was killed.
This is purely a rule to determine the fee of the attorney appointed to represent the unemancipated minor, and we do not believe that the question of subrogation or the right of Marczak to representation on the omnibus clause has any part in this particular matter.
Appellants cite numerous cases where the Court has allowed recovery of attorney’s fees where the insured refused to represent or furnish a defense to a named insured or one covered by the omnibus clause. We have no quarrel with these cases but do not think that they fit the facts of the instant case.
This brings us to the fee. The appellants contend that the fee is grossly exaggerated and should be reduced to $350.00. Several cases were cited, one case by the Supreme Court, Cockrell v. Moran Corporation of the South, 205 La. 761, 18 So.2d 174, which we believe is the leading case and one determinative of the quantum of the fee in this particular case. In that case the Court awarded a fee of $500.00 for an attorney at law appointed to defend the suit.
The Supreme Court in affirming this decision held as follows:
“[2] Perez, admittedly, was appointed as curator ad hoc under the authority of Article 116 of the Code of Practice. This article provides that an absentee may be represented by an attorney at law appointed to defend the suit. There is no provision in the article and no absolute rule fixing the amount of the fee of the attorney ' appointed under the article. The court in fixing the fee of an attorney at law who has been appointed the curator ad hoc in a particular case must be guided by the facts of that case, always having in view that the services are essentially professional in their nature.
[3] Among the elements to be considered in determining the amount due as attorney’s fees in such cases regard must be had as to the responsibility incurred, the amount involved or in controversy, the extent and character of the labor performed, the legal experience and knowledge of the attorney involved, and the ability of the debtor to pay."
The plaintiff in rule Mr. Clesi asked for a fee to be fixed at $2852.50 setting forth the number of hours he had spent on the case and fixing the amount at $25.00 per hour. The Trial Judge awarded him $2500.00.
The above quoted articles of the Code of Civil Procedure LSA-C.C.P. 5096 provides that the attorney appointed be allowed a reasonable fee for his services which shall be paid by the plaintiff but shall be taxed as costs of Court.
The case of Cockrell v. Moran Corporation of the South, supra, laid down the principle under the old Code of Practice Article 116 that the fee shall be fixed based on the responsibility incurred, the amount involved, extent and character of the labor performed and the legal experience and knowledge of the attorney at law and the ability of the debtor to pay.
While there is no evidence in the record of the defendants in rule ability to pay, the record does disclose that the plaintiff was forced to proceed in the form of pauperis in the trial of the original case after having obtained a proper order permitting him to do so.
Taking all this into consideration we feel that the award of $2500.00 is ex *678 cessive under the circumstances and should he reduced to the sum of $1000.00. It is noticeable that in the original case the attorney for the minor, Mr. Clesi, applied for and obtained an order for bond for costs and the Court fixed the amount of the bond at $750.00 which was to cover his fee. The Lower Court evidently considered everything in fixing the amount of this bond and we feel that the defendants’ ability to pay being very small that the award of $1000.00 would be proper.
For the foregoing reasons it is ordered that the judgment of the Lower Court be amended to decrease the award from $2500.00 to $1000.00 and as amended be affirmed.
Amended and affirmed.